The State *v.* Stearns.

## THE STATE *v.* STEARNS.

A complaint, made by the city marshal of Portsmouth, against a person for keeping a bowling alley without license, in violation of a city ordinance, is a criminal, and not a civil proceeding.

A respondent, in such case, cannot be required to advance the costs of copies and entry, and he cannot recover any costs.

This is a prosecution against the respondent, for a breach of an ordinance of the city of Portsmouth, regulating bowling alleys, commenced by a complaint before a justice of the peace, in the following form:

" To I. Bartlett Claggett, justice of the peace in and for the county of Rockingham:

" Oliver Hanscom, city marshal of Portsmouth, in said county, complains and gives the said justice to be informed that Ira G. Stearns, of said Portsmouth, yeoman, on the eighteenth day of November, A. D. 1854, with force and arms, at Portsmouth aforesaid, not being then and there licensed to open and keep any bowling alley, or place wherein the game of nine or ten pins is played, did unlawfully keep a certain bowling alley, or place wherein the game of nine or ten pins is played, in said city, for public use, con-

The State *v.* Stearns.

trary to the form of the city ordinance of such city, in such case made and provided, and against the peace and dignity of the State. Wherefore, the said Oliver Hanscom prays that the said Ira G. Stearns may be held to answer to this complaint, and that justice may be done in the premises.

" OLIVER HANSCOM.

" Rockingham, ss., November 21st, A. D. 1854. Then the said Oliver Hanscom personally appeared and made oath that the above complaint, by him subscribed, is in his belief true. Before me,

" I. BARTLETT CLAGGETT, Justice of the Peace."

A warrant was issued upon this complaint, returnable before the police court of the city of Portsmouth, and the respondent being there found guilty, took an appeal to the court of common pleas.

In the court of common pleas, the respondent was ordered to pay the costs of the copies, and entry in that court, to which order he excepted. The respondent demurred to the complaint and declaration in this court, and the court sustained the demurrer, and dismissed the complaint. The respondent then moved for costs of this court, and also of the police court, to be taxed against the city of Portsmouth, or the complainant in said prosecution, which motion was refused by the court, and the respondent excepted.

The penalty to be recovered for the breach of this ordinance is, by law, to be appropriated for such uses as shall be directed by the city council of said city.

The questions arising upon these exceptions were transferred to this court for decision.

*I. Bartlett Claggett,* city solicitor, for the city and city marshal.

*S. H. Goodall,* for the respondent.

The State *v.* Stearns.

BELL, J. In civil cases, " the party claiming an appeal shall produce at the court to which the appeal is claimed, attested copies," &c. Rev. Stat., ch. 175, § 8. And " if any appellant shall fail to enter his appeal, or to produce such copies, or to pay the jury fees, the former judgment shall be affirmed, and costs taxed for the appellee." Ib., § 9. It is clear, therefore, that if this proceeding is to be deemed a civil action, the respondent is right in both his exceptions. But if the proceeding is of a criminal character, the rules of law are different. In cases of appeals, in criminal cases, from judgments of justices of the peace, " the justice shall make out a certified copy of the process and records in the cause, and file the same with the clerk of said court, [the court appealed to,] on or before the first day of the next term thereof." Rev. Stat., ch. 237, § 4. And in such cases, " all legal costs attending the arrest, examination or conveyance of any offender, shall be paid by the complainant, unless the same is directed by the counsel for the State, or allowed by the court of common pleas." Ib., § 21. And to repay the expenses thus incurred by the complainant, or by the court, it is provided that " if, upon any complaint or prosecution before any court or justice, the defendant shall be ordered to pay a fine, enter into a recognizance, or suffer any penalty, he shall be ordered to pay costs of prosecution, or such part thereof as justice may require." Rev. Stat., ch. 211, § 14.

The powers of the police court of the city of Portsmouth are similar to those of justices of the peace, and the same rules are applicable in cases of appeal. See statutes 1849, ch. 836, § 17.

There is no provision of any statute which authorizes any respondent to claim a judgment for costs against the State, or the county, or any town, or the prosecutor in any case of a criminal character. No statute is cited for the respondent, which is supposed to give such right.

At common law, it is said, no costs were allowed in any case. Jac. Law Dict., Costs; 2 Bac. Ab., 33 Costs. A.

Nor in any suit commenced for the use of the king. Ib. And it is said in 1 Chitty's Cr. Law 825, " at common law, as it is a general principle that the king neither pays nor receives costs, and as an indictment, though carried on by an individual, is always considered as his suit, no costs are payable, whatever may be the event of the prosecution." And " as the crown does not pay, any more than receive costs, it follows that the defendant, though acquitted, must, in general, bear all his own expenses." Ib. 829.

It is contended for the respondent, that this proceeding is not in its nature criminal, but is essentially a civil action, falling within the statute rule, that " costs shall follow the event of every action or petition, unless otherwise directed by law, or by the court." Rev. Stat., ch. 191, § 1. And first it is said that the form of proceeding by complaint is not conclusive that the case is of a criminal nature, and to this position we are inclined to yield our assent; but we think it very clear that a statute provision prescribing such proceedings in a given case, as are usually made appropriate by the law to criminal cases, is strong evidence that the cases were regarded by the legislature as of a criminal nature.

We think, too, it may, in general, be justly inferred, where the legislature prescribe a course of proceedings adopted by the common law for proceedings of a nature entirely different, that the design of the legislature was to prescribe all the known and usual incidents of the prescribed process, and to give to parties the advantages of proceedings in that form. As, if the legislature grant a remedy in assumpsit, where, at common law, trespass would be appropriate, they design that the action of assumpsit shall retain its proper character and rules in that case.

Neither does the appropriation of the fine or penalty imposed in a given case, whether it be to the state, county or town, or to a corporation or individual, furnish any decisive test that a proceeding is criminal or civil. When a

statute forbids fraudulent mortgages and the concealment of attachable property, it by no means follows, because half the fine is given to the complainant, that the prosecution is civil, nor would it do so if the whole fine were so appropriated.

The question whether a legal proceeding is to be deemed civil or criminal, or as partaking of the nature of civil and criminal proceedings, is to be determined by the consideration whether the law is designed to suppress and punish a public wrong, an injury affecting the peace and welfare of the community and the general security, or whether it is designed mainly to afford a remedy to an individual for an injury done to his person or property. Upon this question the appropriation of the fine or penalty has a bearing, since, if it is applied to the public use, no idea can be entertained that the proceeding is designed as a remedy for a private loss or injury, though it may sometimes have a different tendency, where the amount is appropriated to the use of a suffering party.

And in a similar way, the adoption of a course of proceeding usual in criminal cases alone, may bear upon the main question before referred to, because, ordinarily, proceedings adapted to the punishment of offences are, to a great degree, unsuitable for the redress of private injuries. The party injured has no exclusive privilege to institute criminal proceedings; they are equally open to others; he has no control over such prosecutions, which are generally managed by the public authorities; the fines and penalties are, for the most part, payable to others, and liable to be remitted by the proper officers, without reference to his wishes or his interest.

This present case is one of a prosecution for an offence made penal by a city ordinance, because of its supposed evil consequences to society. It has no relation to any individual wrong, and the remedy prescribed is such as indicates a criminal proceeding. It is prosecuted by a public officer,

as part of his official duty, but might be prosecuted by any other person as well. The fine is payable to the city, but not to compensate any wrong to the corporation. The burden of administering justice is here imposed upon counties, cities and towns, and fines and forfeitures are payable to them, as the representatives of the public, to aid in defraying this part of the expenses of civil government. The case then seems to us to lack all the indicia of a civil action, and to be, in fact, as it appears, a criminal prosecution.

The court were in error in requiring the costs of the copies and entry to be paid, but the costs were properly disallowed.